UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JR JOSE ANTONIO GUZMAN CHICA,

Petitioner,

v.

WARDEN, NORTHWEST ICE PROCESSING CENTER,

Respondent.

Case No. 2:26-cv-04124-TLF

ORDER GRANTING HABEAS PETITION

Jr Jose Antonio Guzman Chica petitions for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 1 (Petition). He has no criminal history, and is detained by the U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkts 1, 10 (Deportation Officer ("DO") Declaration). He seeks release and asserts a due process challenge to his re-detention. Dkt. 1 at 4.

The parties unanimously consent to the jurisdiction of a Magistrate Judge. Dkt. 4. For the reasons below, the Court **GRANTS** the petition and **ORDERS** the government to release petitioner **within 24 hours** of the filing of this Order.

## I. BACKGROUND

Petitioner is from Guatemala. Dkt. 1 at 8; Dkt. 10 at 2. On September 18, 2024, petitioner entered the United States and was apprehended. Dkt. 10 at 2. Ultimately on September 25, 2024, the government issued a Notice to Appear charging petitioner as "an alien present in the United States who has not been admitted or paroled." Dkt. 10 at

2; Dkt. 9-1 (Notice to Appear). That same day, the government released petitioner under an Order of Release on Recognizance ("OREC"). Dkt. 10 at 3; Dkt. 9-2 (OREC).

On October 5, 2026, the government re-detained petitioner. Dkt. 1 at 3; Dkt. 10 at 3. The government's Form I-213 states the following. First, the re-detention occurred after petitioner reported to an in-person check-in "in accordance with the requirements of the Alternatives to Detention (ATD) monitoring program." Dkt. 9-3 at 3. Second, the re-detention was based on petitioner's failure to complete numerous check-ins between January 2025 and September 2026. Dkt. 9-3 at 3. Finally, petitioner has no known criminal history and has a pending I-589 asylum application. Dkt. 9-3 at 4.

On October 23, 2026, petitioner filed a pro se habeas corpus petition, naming the Warden of NWIPC as a respondent. Dkt. 1. The government then filed a notice of appearance as an "Interested Non-Party," asserting the Warden is not a federal respondent and thus not represented by the United States. Dkt. 5 at 1. Thereafter, the Federal Public Defender appeared on behalf of petitioner. Dkt. 7. The government then filed a response brief and petitioner filed a reply brief through his new counsel. Dkts. 8, 11.

## II. DISCUSSION

### A. Detention Authority

The government asserts petitioner "violated conditions of his release multiple times" (Dkt. 8 at 1) and claims petitioner is mandatorily detained under 8 U.S.C. § 1225(b). Dkt. 8 at 3-6. The government asserts petitioner is an 'applicant for admission' under 8 U.S.C. § 1225(b) "[b]ecause Petitioner was apprehended near the border shortly after his unlawful entry into the United States . . ." Dkt. 8 at 4-5 (arguing also

petitioner "has never been admitted to the United States and his release on an OREC did not admit him or extinguish detention authority under 8 U.S.C. § 1225(b).”). However, this Court already rejected similar arguments, reasoning the petitioner "was arrested while residing in the United States under an OREC and with the Government's permission, long after she presented herself at the border seeking asylum." *Herrera Gomez v. Wamsley*, No. 2:25-cv-02642-JNW, 2026 WL 279966, at *2 (W.D. Wash. Feb. 3, 2026).

It is also undisputed the petitioner was released under an OREC, which is authorized under 8 U.S.C. § 1226(a)(2)(B). Petitioner's OREC states his release was "[i]n accordance with section 236 of the Immigration and Nationality Act," or in other words, 8 U.S.C. § 1226. Dkt. 9-2.

And petitioner's Notice to Appear expressly declined to designate petitioner as an "arriving alien," instead stating he is "an alien present in the United States who has not been admitted or paroled." Dkt. 9-1 at 2.. *See Garcia Gabriel v. Hermosillo*, No. 2:25-cv-02594-DGE-GJL, 2026 WL 194233, at *3 (W.D. Wash. Jan. 26, 2026) ("Notably, the issuing officer explicitly declined to designate Petitioner as an 'arriving alien,' . . . which is the active language used to define the scope of § 1225(b)(2)(a) in its implementing regulation.") (citing *Martinez v. Hyde*, 792 F. Supp. 3d 211, 218-19 (D. Mass. 2025)).

The Court therefore finds petitioner was detained under 8 U.S.C. § 1226(a). *See, Rodriguez Vazquez v. Bostock,* 183 F.4th 1160, 1167 (9th Cir. 2026) (bond hearing required under 8 U.S.C. § 1226(a), for individuals living in the United States after presenting at the border).  .

**B. Due Process Claim**

Petitioner asserts a procedural due process claim "challeng[ing] the adequacy of the process used to take away my liberty despite my compliance with supervision," arguing he "was not given an explanation for my re-detention." Dkt. 1 at 4.

To assess petitioner's procedural due process claim, the Court adopts the reasoning of *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1320-24 (W.D. Wash. 2025), to assess the below factors from *Mathews v. Eldridge*:

> [1] the private interest that will be affected by the official action; [2] the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and [3] the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. 319, 335 (1976); *Rodriquez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022) (assuming without deciding that the Mathews test applies "in the immigration detention context.").

The first *Mathews* factor weighs in petitioner's favor. Individuals on release, even when such release is conditional, have a liberty interest in their continued freedom from custody. *E.A. T.-B.*, 795 F. Supp. 3d at 1321-22 ("That the Government exercises discretion in determining whether and which conditions of release to impose does not eliminate the protections afforded to Petitioner's liberty interest."); see also *Solomun Gebremadhen v. Vasquez*, 824 F.Supp.3d 1086 (E.D. Cal. 2026) (citations omitted) ("Even when the government has discretion to detain an individual, its subsequent decision to release the individual creates 'an implicit promise' that she will be re-detained only if she violates the conditions of her release."). Here, it is undisputed petitioner was released under an OREC in September 2024 and remained in the community until his re-detention.

The second *Mathews* factor weighs in petitioner's favor. The government's Form I-213 states petitioner's re-detention was based on numerous alleged violations of his release conditions, including missed check-ins. Dkt. 9-3. However, "even if Petitioner's arrest was not pretextual and was solely motivated by ICE's realization of his ATD violations, it would not necessarily follow that Petitioner can be detained for those violations without a hearing." *E.A. T-B.*, 795 F. Supp. 3d at 1322; *see also Fernando A.G. v. Chestnut*, No. 1:25-cv-01925-SKO (HC), 2026 WL 74007, at *6 n.6 (E.D. Cal. Jan. 9, 2026) (emphasis in original) (rejecting reliance on eleven alleged release condition violations and noting, similar to the present matter, that "Petitioner was arrested in the context of *complying* with an order to check in"); *see also* Dkt. 9-3 (asserting petitioner was detained after reporting to the "BI Incorporated Office . . . in accordance with the requirements of the Alternatives to Detention (ATD) monitoring program."). Rather, the "factual disputes related to the justification for Petitioner's arrest and detention should be resolved at a pre-deprivation hearing, rather than resolved after the fact by this Court." *Yildirim v. Hermosillo*, No. C25-2696-KKE, 2026 WL 111358, at *4 (W.D. Wash. Jan. 15, 2026).

The final *Mathews* factor weighs in petitioner's favor. While the government certainly has an interest in enforcing immigration laws, its interest in doing so without a hearing is low. *E.A. T.-B.*, 795 F. Supp. 3d at 1323-24 (citation omitted).

This Court has "a fair amount of flexibility" when determining the appropriate relief in a habeas corpus case. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). Here, petitioner should be immediately released under the same conditions in place immediately prior to his October 2026 re-detention. Petitioner's argument that re-arrest

and re-detention will recur in the future, is not speculative. *See Nguyen v. Blanche*, No. 26-0917-KKE, 2026 WL 972734, at *4 (W.D. Wash. Apr. 10, 2026) (observing there are well-documented and widespread examples of failures of government officials to comply with regulations concerning revocation of release).

## III. CONCLUSION

Accordingly, the Court **GRANTS** the habeas petition and **ORDERS:**

**(1)** The respondents must immediately release petitioner **without 24 hours** of the filing of this Order.

**(2)** Counsel shall file a Joint Status Report **on or before November 24, 2026**, confirming the date and time of petitioner's release.

**(3)** The government must release petitioner under the same release conditions in place immediately before his re-detention on October 5, 2026.

**(4)** The government shall return to petitioner any property or identification documents (other than a passport) confiscated in connection to petitioner's October 2026 re-detention.

**(5)** Petitioner shall not be re-detained, absent urgent circumstances, without a pre-deprivation hearing held by an Immigration Judge at which the government must demonstrate the justification for detention by clear and convincing evidence.

Dated this 19th day of November, 2026.

Theresa L. Fricke

Theresa L. Fricke
United States Magistrate Judge